UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUQUIT SHEIKH, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>BARNEY'S, INC.; and any other related entities,<br><br>Defendants. | Case No.:  19-cv-8603<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff, MUQUIT SHEIKH (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206, 207 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and 12 NYCRR Part 146 to recover, *inter alia*, unpaid minimum wages, unpaid overtime compensation, and unpaid tips and gratuities, owed to the Named Plaintiff and other similarly situated persons who are presently or were formerly employed by BARNEY'S, INC.; and any other related entities, (hereinafter collectively referred to as "Defendants") at all of Defendants' food service operations located in the State of New York, including but not limited to the restaurants commonly known as "Freds Madison Avenue" and "Freds Downtown".

2.      Upon information and belief, beginning in approximately September 2013 and continuing through the present ("the Relevant Period"), Defendants have engaged in a policy and

practice of unlawfully compensating their food service employees for all hours worked at a wage rate lower than the applicable minimum wage rate.

3.     Upon information and belief, throughout the Relevant Period, Defendants have engaged in a policy and practice of unlawfully compensating their food service employees for overtime hours worked at a wage rate lower than the applicable overtime wage rate.

4.     Upon information and belief, throughout the Relevant Period, Defendants have engaged in a policy and practice of failing to distribute all tips and gratuities, including charges purported to be gratuities under NYLL § 196-d.

5.     Furthermore, throughout the Relevant Period, Defendants have engaged in a policy and practice of failing to provide adequate notice to their employees concerning their pay practices as required under the NYLL's Wage Theft Prevention Act.

6.     The Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, compensation, including overtime wages, that they were deprived of – plus interest, attorneys' fees, and costs, and other damages as allowed for pursuant to applicable law.

## JURISDICTION & VENUE

7.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue is proper in this District because the wage violations which give rise to the Named Plaintiff's claims occurred in this District.

## THE PARTIES

9.      Plaintiff MUQUIT SHEIKH is an individual who currently resides in Queens County, New York, and has been employed as a food service worker – in particular, as a bartender – by Defendants throughout the Relevant Period at the company's 660 Madison Avenue, New York, New York 10065 location, commonly known as "Freds Madison Avenue".

10.      Upon information and belief, Defendant BARNEY'S, INC. is domestic business corporation organized and existing under the laws of the State of New York, with a headquarters and principal place of business located at 575 Fifth Avenue, New York, New York 10017, and is and at all times was engaged in the Hospitality Industry.

11.      Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS AND COLLECTIVE ALLEGATIONS

12.      This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

13.      This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as food service employees, including such workers as wait staff, waiters, servers, server's assistants, captains, bussers, bartenders, food runners, maître d's, and in various other related customarily-tipped trades.

14.      The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

15.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

a)      whether Defendants compensated their food service employees for all hours worked at a wage rate lower than the applicable minimum wage rates under the FLSA and the NYLL;

b)      whether Defendants compensated their food service employees for overtime hours worked at a wage rate lower than the applicable overtime wage rates under the FLSA and the NYLL;

c)      whether Defendants failed to distribute to their food service employees all earned tips and gratuities, including charges purported to be gratuities under NYLL § 196-d;

d)      whether Defendants provided employees with adequate notice concerning their rates of pay and their pay day pursuant to NYLL § 195(1)(2); and,

e)      whether Defendants provided employees with adequate wage statements pursuant to NYLL § 195(3).

16.     The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members have all been subject to Defendants' policies and willful practices of paying food service employees for all hours worked – including but not limited to overtime hours – at a wage rate lower than the applicable lawful rates in violation of applicable law, as well as Defendants' policy and practice of failing to distribute all gratuities or charges purported to be gratuities.

17.     The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

18.     The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

20.     A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

21.     While employed by Defendants, the Named Plaintiff, and, upon information and belief, other members of the putative class, were paid a regular hourly wage in check.

22.     The Named Plaintiff, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours in a given workweek.

23.     When the Named Plaintiff, and upon information and belief, other members of the putative class, worked in excess of 40 hours in a given workweek, they received overtime at a rate typically equal to one and one-half times the applicable New York State "reduced tip credit rate."

24.     For example, in 2016 and 2017, when the applicable New York State minimum wage "reduced tip credit rate" was $7.50 per hour, the Named Plaintiff, and upon information and belief, other members of the putative class, received overtime compensation at a rate of $11.25 per hour ($7.50 x 1.5 = $11.25).

25.     Similarly, in 2018, when the applicable New York State minimum wage "reduced tip credit rate" was $8.65 per hour, the Named Plaintiff, and upon information and belief, other

members of the putative class, received overtime compensation at a rate of $12.975 per hour ($8.65 x 1.5 = $12.975).

26.     Further, in 2019, as the applicable New York State minimum wage "reduced tip credit rate" is $10.00 per hour, the Named Plaintiff, and upon information and belief, other members of the putative class, receive overtime compensation at a rate of $15.00 per hour ($10.00 x 1.5 = $15.00)

27.     Defendants failed to distribute all monies collected as gratuities, or charges purported to be gratuities – including charges designated as for "service" – in full to the Named Plaintiff, and upon information and belief, other members of the putative class, including but not limited to monies collected in connection with the administration of banquet or catered events, and instead retained the proceeds from these charges for their own benefit.

28.     Relatedly, Defendants failed to maintain accurate records pertaining to both their collection of, and any alleged distribution of, gratuities, or charges purported to be gratuities, including but not limited to monies collected in connection with the administration of banquet or catered events.

29.     Furthermore, Defendants failed to provide the Named Plaintiff, and upon information and belief, other members of the putative class, with written notice of all required information, including but not limited to their proper pay rate, their pay day, or the frequency of their pay day at all statutorily mandated times, including both at hiring and prior to any change in their respective rates of pay.

30.     Moreover, the wage statements (or paystubs) received by the Named Plaintiff, and upon information and belief, other members of the putative class, at the end of each pay period

failed to include all required information, including but not limited to a proper overtime rate, and any credits claimed against the minimum wage.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <br> FAILURE TO PAY NEW YORK OVERTIME

31.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

32.     The provisions of NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146, apply to Defendants and protect the Named Plaintiff and members of the putative class.

33.     Defendants are "employers," within the meaning contemplated pursuant to NYLL Article 6 § 190(3), NYLL Article 19 § 651(6), 12 NYCRR Part 146, and cases interpreting same.

34.     The Named Plaintiff and members of the putative class are "employees," within the meaning contemplated pursuant to NYLL Article 6 § 190(2), NYLL Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

35.     Pursuant to 12 NYCRR § 146-1.2 [2015], "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015" and pursuant to 12 NYCRR § 146-1.2(a)(1)(i)(*a*) [current], "$11.00 per hour on and after December 31, 2016, $13.00 per hour on and after December 31, 2017, and $15.00 per hour on and after December 31, 2018."

36.     Pursuant to 12 NYCRR § 146-1.4, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's **regular rate** for hours worked in excess of 40 hours in one workweek." (emphasis added).

37.     Here, the Named Plaintiff, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours per week, yet Defendants failed to compensate them at an overtime rate of one and one-half times their **regular rate** of pay for all hours worked in excess of 40 in a given workweek.

38.     For example, in 2016 and 2017, the Named Plaintiff, and upon information and belief, other members of the putative class, typically received an overtime rate of $11.25 per hour.

39.     Given that the minimum wage rate in 2016 was $9.00 per hour and in 2017 was $11.00 per hour, the minimum legal overtime rates during such times were $13.50 and $16.50 per hour, respectively.

40.     Therefore, during 2016 and 2017, Defendants typically underpaid the Named Plaintiff, and upon information and belief, other members of the putative class, by between $2.50 and $5.50 per hour for all overtime hours worked.

41.     Even to the extent Defendants claim that they were entitled to pay the Named Plaintiff and other members of the putative class at a "reduced tip credit rate" – which Plaintiffs dispute they were entitled to do – the maximum tip credit allowable in 2016 pursuant to 12 NYCRR § 146-1.3(b)(4) [2015] was $1.50 per hour; therefore, even if Defendants were entitled to pay at the tip credit rate, the minimum legal overtime rate during such time was $12.00 per hour.

42.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

43.    By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL Article 19 § 663, and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY FEDERAL OVERTIME**

44.    The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

45.    Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

46.    Defendants are employers of the Named Plaintiff and of all putative class members.

47.    Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

48.    The Named Plaintiff, and upon information and belief, other members of the putative class, regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation at time and one-half their regular hourly rate for all such hours worked in excess of 40.

49.    Consequently, by failing to pay the Named Plaintiff, and, upon information and belief, other members of the putative class all their earned overtime compensation, Defendants violated 29 U.S.C. § 207.

50.    Upon information and belief, Defendants' failure to pay overtime compensation was willful.

51.    By the foregoing reasons, Defendants have violated 29 U.S.C. § 207, and are liable to the Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS: <u>FAILURE TO PAY NEW YORK MINIMUM WAGE</u>

52.    The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

53.    Pursuant to NYLL Article 19 § 652 "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, $8.75 on and after December 31, 2014, $9.00 on and after December 31, 2015, (a)(i) $11.00 per hour on and after December 31, 2016, $13.00 per hour on and after December 31, 2017, $15.00 per hour on and after December 31, 2018…."

54.    Pursuant to 12 NYCRR § 146-1.2 [2015], "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015" and pursuant to 12 NYCRR § 146-1.2(a)(1)(i)(*a*) [current], "$11.00 per hour on and after December 31, 2016, $13.00 per hour on and after December 31, 2017, and $15.00 per hour on and after December 31, 2018."

55.    Pursuant to 12 NYCRR § 146-1.3, employers may take a credit against the minimum wage when paying food service workers such as the Named Plaintiff and members of the putative class, but only if the "worker receives enough tips and if the employee has been

notified of the tip credit as required" under 12 NYCRR § 146-2.2, which requires that "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

56. Here, Defendants were not entitled to take a tip credit against the minimum wage when paying food service workers such as the Named Plaintiff and other members of the putative class because they did not comply with the requirements necessary to do so under 12 NYCRR § 146-2.2.

57. Nevertheless, the Named Plaintiff, and upon information and belief, other members of the putative class were typically compensated at a regular hourly rate less than the applicable minimum wage rate.

58. NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

59. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.2 and NYLL Article 19 § 652, and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY FEDERAL MINIMUM WAGE**

60. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

61.     Pursuant to FLSA, 29 U.S.C. § 206 (1)(C), the applicable federal minimum wage is, and has been during the relevant period, $7.25 per hour.

62.     Employers are entitled to take a tip credit against the federal minimum wage under § 203(m) of the FLSA, but in order to do so must ensure that certain conditions have been met, including that the employer must inform the employee of the tip credit provision of the FLSA.

63.     Here, the Named Plaintiff, and upon information and belief, other members of the putative class, were not informed by Defendants of the tip credit provision of the FLSA.

64.     Accordingly, Defendants did not meet the requirements to entitle them to take a tip credit against their employees' wages.

65.     Therefore, because the Named Plaintiff, and upon information and belief, other members of the putative class, received an hourly rate of less than $7.25 per hour, Defendants have violated the FLSA and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**WRONGFULLY WITHHELD NEW YORK TIPS & GRATUITIES**

66.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

67.     Pursuant to NYLL Article 6 § 196-d, and the supporting New York State Department of Labor Regulations, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

68.     Tips and gratuities provided by Defendants' patrons to food service employees constitute "wages" as that term is defined under NYLL Article 6 §§ 193, 196-d and 198(3).

69.     Defendants unlawfully withheld and retained portions of gratuities, or charges purported to be gratuities, that should have been provided to the Named Plaintiff, and upon information and belief, putative class members.

70.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete records of mandatory charges in the nature of gratuities, as required under 12 NYCRR Part 146, including under 12 NYCRR § 146-2.17, § 146-2.18(c) and § 146-2.19(d).

71.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 196-d, and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PROVIDE ADEQUATE PAY NOTICE

72.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

73.     Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

74.     Pursuant to NYLL Article 6 § 195(2), employers must notify their "employees in writing of any changes to the information … at least seven calendar days prior to the time of such change, unless such changes are reflected on the wage statement…."

75.     Here, the Named Plaintiff and, upon information and belief, other members of the putative class, did not receive an adequate notice in writing at hiring – or at any time thereafter, including when their rates of pay changed – listing all required information, including their proper pay rate, their pay day, or the frequency of their pay day.

76.     NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

77.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 195(1)(2), and are liable to the Named Plaintiff and other members of the putative class under NYLL Article 6 § 198(1-b) in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PROVIDE ADEQUATE WAGE STATEMENT

78.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

79.     Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

80.     Here, the Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including but not limited to, a proper overtime rate, and any credits claimed against the minimum wage.

81.     NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this

article, he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

82.     By the foregoing reasons, Defendants have violated NYLL Article 6 § 195(3), and are liable to the Named Plaintiff and putative class members under NYLL Article 6 § 198(1-d) in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(6) on the sixth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(7) on the seventh cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the cited NYLL provisions;

(8) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
        September 16, 2019

LEEDS BROWN LAW, P.C.

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff &*
*     the Putative Class & Collective*